# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH R. CALDWELL, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 11-0572 (ESH) |
| ARGOSY UNIVERSITY, | ) ) ) | |
| DAVID EREKSON, and | ) ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Keith Caldwell has sued his employer, Argosy University ("Argosy"), its president, David Erekson, and the Department of Education. (Compl. at 2.) Argosy and Erekson and the government have filed separate motions to dismiss, arguing that Caldwell has failed to provide fair notice of the claims he asserts, as required by Fed. R. Civ. P. 8(a), and that he has failed to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Mot. of Defs.' Argosy University and David Erekson to Dismiss the Compl. ("Argosy Mot."); Def. Dep't of Educ.'s Mot. to Dismiss ("Gov't Mot.").) For the reasons stated herein, defendants' motions to dismiss for failure to comply with Rule 8(a) will be granted.

## BACKGROUND

The single page of allegations in the complaint tells the story of a dispute between Caldwell, an adjunct faculty member and member of a dissertation committee, and Argosy University. (Compl. at 2.) Caldwell states that the university failed to properly act when he

alleged that a student had submitted a fraudulent dissertation, and removed him from the student's dissertation committee. (*Id.*)  Caldwell also states that he was denied teaching opportunities in 2010 and 2011 after he was removed from the committee "due to" his "stance" on the dissertation. (*Id.*)  Finally, Caldwell states that filing the lawsuit has "compel[led]" him to "sever" his relationship with Argosy University. (*Id.*)  Caldwell claims that Argosy University and its president, David Erekson, failed to "properly pursue" his allegations and that the Department of Education failed to "evaluate" Argosy for compliance with regulatory and institutional guidelines "in respect to awarding degrees."  Caldwell's civil cover sheet requests $850,000 in damages (Dkt. No. 1, Attach. 1), although his complaint itself does not make any specific claim for relief.

## ANALYSIS

The Court has reviewed Caldwell's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that plaintiff is entitled to relief, and a demand for judgment for the relief that plaintiff seeks.  Fed. R. Civ. P. 8(a).  The purpose of this standard is to give fair notice to the defendants of the claims asserted that is sufficient to prepare a responsive answer and an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Caldwell's claim against the government must be dismissed because his complaint does not comply with Rule 8(a). Rule 8 requires only that a complaint provide defendants with a "fair notice of each claim and its basis." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1118 (D.C. Cir. 2000) (internal quotation marks omitted). However, as the government notes, Caldwell's complaint is devoid of any allegation of harm resulting from the government's actions. (Gov't Mot. at 4.) Indeed, Caldwell's complaint explains that the government is a defendant "for certifying Argosy University as a higher learning institution." (Compl. at 3.) He does not explain how this has caused him harm. Caldwell argues, in his opposition brief, that counsel for the government "was too lazy to pick up a telephone to call the clerk's office or even the Plaintiff to determine the 'demand for relief sought.'" (Pl.'s Opp'n at 2.) Caldwell cannot blame the government for failing to fill the gaping holes in his complaint. He has not even attempted to explain the nature of his claim against the government, let alone its basis. The government cannot prepare a responsive answer or an adequate defense based on this complaint. Thus, Caldwell's claim against the Department of Education must be dismissed.

Caldwell's claim against Argosy and Erekson must also be dismissed for failing to comply with Rule 8(a). Dismissal is appropriate where the complaint is "unclear or . . . fail[s] to give the defendants fair notice of the claims against them." *Ciralsky v. CIA*, 355 F.3d 661, 670 (D.C. Cir. 2004). Caldwell's Civil Cover Sheet asserts that his action is brought under the False Claims Act – specifically, 31 U.S.C. §§ 3729, 3733. (Dkt No. 1, Attach. 1.) Section 3729 defines specific false claims prohibited under the act.[1] *See* 31 U.S.C. § 3729. Section 3733 enables the Attorney General to "issue civil investigative demands" to any person believed to

---

[1] The statute imposes liability on any person who "knowingly presents . . . to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a).

3

have information relevant to a false claims law investigation. *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 783 (2000). There appears to be no connection between the cause of action cited and the facts that Caldwell alleges. He refers to no false claims for payment in the complaint. Nor does he refer to any other potential sources of liability for Argosy and Erekson. Even when "generously construed under the liberal pleading standard of Rule 8(a)," *Wuterich v. Murtha*, 562 F.3d 375, 384 (D.C. Cir. 2009), Caldwell has "presented no viable legal theory" for suing Argosy or Erekson. *Rozenblat v. Kappos*, 345 F. App'x 601, 603 (Fed. Cir. 2009). Dismissal under Rule 8(a) is therefore appropriate.

Where a complaint fails to comply with Rule 8(a), the Court will ordinarily dismiss it without prejudice. *See Ciralsky*, 355 F.3d at 668-71; *see also Dixon v. Thomas Nelson Cmty. Coll.*, No. 08-1908, 2008 WL 4811010, at *1 (D.D.C. Nov. 5, 2008); *Brown*, 75 F.R.D. at 499 ("[o]rdinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend"). Here, defendants ask the Court to dismiss the complaint *with* prejudice because Caldwell is "no stranger to litigation." (Gov't Reply at 2 (citing *Brown*, 75 F.R.D at 499).) While this is certainly true, at this time the Court will dismiss Caldwell's current complaint without prejudice, but cautions that if he intends to amend his complaint, it must contain sufficient facts and explain his cause of action so as to satisfy the requirements of *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 555-56 & n.3 (2007) (Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and "still requires a showing, rather than a blanket assertion of entitlement to relief") (internal quotation marks omitted). If Caldwell files an amended complaint that merely "recycles" the complaint currently before the Court, it may be

dismissed with prejudice. *See Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010).

## CONCLUSION

For the reasons stated above, the Court will dismiss this case without prejudice because plaintiff has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. An Order consistent with this Memorandum Opinion will be issued separately.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 12, 2011